IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,487-02






EX PARTE JAVAN D. SIMMONS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY

IN CAUSE NO. 0415855D

IN CRIMINAL DISTRICT COURT THREE



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance and sentenced to confinement for
fifteen years. No direct appeal was taken. 

 Applicant contends that, as a condition of release on mandatory supervision, he was
required to attend sex offender therapy, despite having never been convicted of a sex offense.
He contends that when he refused to attend, his mandatory supervision was revoked. He
further contends that he was denied a hearing to contest this condition.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from TDCJ-PD, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to the grounds of Applicant's revocation. If it is determined that Applicant's
mandatory supervision was revoked for failure to attend sex offender therapy, the trial court
should make findings of fact as to whether he was denied a hearing to contest the condition
that he attend sex offender therapy. Finally, if the court finds that Applicant was denied a
hearing, it should determine whether grounds existed for denying such hearing. The trial
court should also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25TH DAY OF JANUARY, 2006.






DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.